# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER LEE JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
January 25, 2018

No. 334741
Wayne Circuit Court
LC No. 13-001600-01-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER LEE JOHNSON,

        Defendant-Appellant.

No. 334742
Wayne Circuit Court
LC No. 12-010789-01-FC

---

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I concur in the majority opinion in Docket No. 334741. I respectfully dissent in Docket No. 334742. In that case, I agree with my colleagues that this case must be returned to the trial court, but do not agree with the remand directives as I believe they are, at best, unclear and more likely incorrect. When this case was first before us in Docket No. 316314, we remanded the case directing the trial court to "sentence defendant within any applicable sentencing guidelines ranges . . . or articulate on the record a substantial and compelling reason for departure and justify the extent of the departure[.]" Rather than doing so, the trial court conflated our order with the decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and issued an order on remand stating that knowing that guidelines are advisory, it would impose the same sentence. As my colleagues recognize, the trial court's action on remand does not comply with our order.

The proper remedy is to again remand with direction that the trial court follows the remand order. Alternatively, given that the "substantial and compelling" requirement is no

-1-

longer in effect, we could remand simply for the trial court to resentence and, in the event of a departure, set forth its reasons consistent with *People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017). Instead, the majority directs the trial court to conduct "proceedings consistent with *Steanhouse*." I do not understand what my colleagues are telling the trial court to do. It is the role of the *appellate* court to conduct the reasonableness review under *Steanhouse*. See *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015) (holding that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness"). The trial court has imposed the challenged sentence and it cannot "review" its own sentence. The trial court should resentence defendant and we should review that sentence pursuant to *Steanhouse* if defendant again appeals it.

Moreover, under *Steanhouse*, a departure sentence for which no reasons are provided is itself error. Resentencing or at least a statement of reasons to allow review is required. Neither has occurred and the majority has not clearly directed the trial court.


/s/ Douglas B. Shapiro